# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JUDY HARRISON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10CV228 FRB |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Judy Harrison for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (factually frivolous means "clearly baseless," which includes claims describing fanciful, fantastic, or delusional allegations). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and an Illinois statute for alleged violations of her constitutional rights. Named as defendants are the Central Intelligence Agency and the Federal Bureau of Investigation.

Plaintiff alleges that defendants have caused her to have bodily disfigurement and memory loss through the use of intelligence. Plaintiff seeks restraining orders against defendants and a monetary award of $2 million.

The Court takes judicial notice of two cases plaintiff filed against defendants in the United States District Court for the Northern District of Illinois: Harrison v.

Cental Intelligence Agency, 3:08CV50163 and Harrison v. Central Intelligence, 3:08CV50215. In those cases, plaintiff brought substantially the same allegations against the defendants. The court dismissed those cases as factually frivolous pursuant to Denton.

**Discussion**

This Court finds that the allegations in the instant case are factually frivolous under Denton because they are fantastic and delusional. As a result, the complaint must be dismissed under 28 U.S.C. § 1915(e).

Additionally, the allegations are duplicative of previous cases that have been dismissed under 28 U.S.C. § 1915(e), and the complaint should be dismissed for this reason as well. E.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#2] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of March, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE